UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL ESPARZA,

    Plaintiff,

v.

LENOX CORPORATION
and DOES 1–25,

    Defendant.

No. C 22-09004 WHA

**ORDER RE MOTION TO DISMISS OR COMPEL ARBITRATION AND VACATING HEARING**

## INTRODUCTION

In this putative class action, plaintiff asserts that defendant website owner violated a California wiretapping statute when website visitors utilize a chat feature on defendant's website. Defendant moves to dismiss or alternatively to compel arbitration. On the eve of the scheduled motion hearing, the parties stipulated to plaintiff filing an amended complaint, and by implication (because it is mentioned nowhere in the stipulation) to defendant withdrawing the pending motion to dismiss. For the reasons that follow, the stipulation is improper and the motion to dismiss is **GRANTED**.

## STATEMENT

The facts are bare. Plaintiff Miguel Esparza is a California resident who visited defendant Lenox Corporation's website. During that visit, plaintiff conducted a conversation with "an agent" of defendant through the website chat feature. Our complaint alleges that

1  embedded code on the chat feature "automatically intercepts, records and creates transcripts of
2  all such conversations." It further alleges that defendant "allows at least one independent
3  third-party vendor (on information and belief, 8X8) to secretly intercept (during transmission
4  and in real time), eavesdrop upon, and store transcripts of chat communications," and that
5  plaintiff was not advised his chat was monitored, intercepted, or recorded. As such, plaintiff
6  asserts that defendant violated Section 631(a) of the California Invasion of Privacy Act (CIPA)
7  (Compl. ¶¶ 4, 12, 13, 27). Defendant moves to dismiss plaintiff's sole claim under FRCP
8  12(b)(6).*

The motions were set to be heard on March 16, 2023. On March 15, 2023, the parties filed a stipulation with a proposed order to vacate the hearing and set a deadline for plaintiff to file a first amended complaint. Civil Local Rule 6-1(b) states that such "stipulated request or motion which affects a hearing or proceeding on the Court's calendar must be filed no later than 14 days before the scheduled event." And if the stipulation is construed as merely a request to change the hearing time (leaving aside the creation of an amended complaint deadline), Civil Local Rule 6-2(a) requires various details not provided here. For those reasons, the stipulation is improper, and is hereby **DENIED**. Similarly, defendant's motion for leave to file a notice of supplemental authority fails to comply with Civil Local Rule 7-3(d), which it cites. Rule 7-3(d)(2) explains that a Statement of Recent Decision may be filed which "shall contain a citation to and provide a copy of the new opinion without argument." Defendant's motion for leave to file a notice of supplemental authority is **DENIED**.

This order follows full briefing and finds the motions suitable for disposition on the papers under Civil Local Rule 7-1(b), in light of the parties' untimely attempt to vacate the hearing on its eve. This order, which was all but finalized at the time of the proposed

---

* Plaintiff's complaint also accuses 25 anonymous Doe defendants who are described as "affiliates" and "agent[s] and/or employee[s]" of defendant Lenox (Compl. ¶¶ 6, 7). Our complaint provides no basis for distinguishing Lenox from any of its unnamed affiliates, agents, or employees as they relate to this action, and so this order treats the complaint as addressing a singular defendant Lenox.

2

stipulation, also specifies the process for which to file an amended complaint, thus in effect fully addressing the parties' concerns in their improper stipulation.

## ANALYSIS

To survive a motion to dismiss, plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the party asserting it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations or "formulaic recitation of the elements" of a claim, however, are not entitled to the presumption of truth. *Id.* at 681.

Plaintiff asserts defendant violated every clause of CIPA Section 631(a) of the California Penal Code. Section 631(a), which provides for civil in addition to criminal liability, states as follows:

> (a) Any person [1] who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or [2] who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or [3] who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or [4] who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section . . . .

The Supreme Court of California has distilled this down to "three distinct and mutually independent patterns of conduct: intentional wiretapping, wilfully attempting to learn the contents or meaning of a communication in transit over a wire, and attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *Tavernetti v. Superior Court of San Diego Cty.*, 583 P.2d 737, 741 (Cal. 1978).

As an initial matter, parties to a conversation cannot eavesdrop on their own conversation. *See Warden v. Kahn*, 160 Cal. Rptr. 471, 475 (Cal. Ct. App. 1979) (distinguishing "eavesdropping by a third party" from "recording by a participant to a conversation"); *Rogers v. Ulrich*, 125 Cal. Rptr. 306, 309 (Cal. Ct. App. 1975). Plaintiff's complaint is premised on the assertion that "Defendant secretly recorded" plaintiff's "conversation with an agent of Defendant through the website chat feature" (Compl. ¶¶ 4, 19). While our complaint does not elaborate on who or what an "agent of Defendant" is, it does specify that the recordation concerns "internet communication between Plaintiff and Class Members with *Defendant's Website*" (Compl. ¶ 30 (emphasis added)). Because defendant is party to the communication in question, *defendant's* own recordation of the chat conversation cannot give rise to liability under Section 631(a). As California appellate courts have explained, "the Legislature's concern was to prevent *secretly listening to* the *contents* of private conversations, or eavesdropping." *See People v. Suite*, 161 Cal. Rptr. 825, 828 (Cal. Ct. App. 1980) (first emphasis added). "Indeed, it is probable that the Legislature viewed section 631 as a means of proscribing attempts to circumvent other aspects of the Privacy Act, e.g., by requesting a secretary to secretly transcribe a conversation over an extension, *rather than tape recording it* in violation of section 632." *Ribas v. Clark*, 212 Cal. Rptr. 143, 147 (Cal. Ct. App. 1985) (emphasis added).

On the foregoing point, plaintiff cites *People v. Conklin*, 522 P.2d 1049, 1056 (Cal. 1974), for the proposition that the first clause of Section 631(a) contains no "direct party exception" (Opp. 16). But *Conklin* is inapposite. *Conklin* addressed whether CIPA is preempted by the Federal Wiretap Act, and in doing so considered the specific difference over whether the consent of all parties (as opposed to just some) could obviate wiretapping liability. Consent, however, has nothing to do with the fact that by definition, parties to a conversation cannot eavesdrop on their own conversation. And in fact, both CIPA and the Federal Wiretap Act "contain an exemption from liability for a person who is a 'party' to the communication, whether acting under the color of law or not." *Davis v. Facebook, Inc. (In re Facebook Inc. Internet Tracking Litig.)*, 956 F.3d 589, 607 (9th Cir. 2020). A recent decision rejected

4

plaintiff's identical argument in a substantially similar action, explaining that plaintiff "conflates two issues and exceptions: the direct party exception and consent exception." *Byars v. Hot Topic, Inc.*, No. EDCV221652JGBKKX, 2023 WL 2026994, at *9 (C.D. Cal. Feb. 14, 2023) (Judge Jesus G. Bernal).

Plaintiff's only viable theory of liability under Section 631(a) is therefore its fourth clause, that defendant "aids, agrees with, employs, or conspires with" someone who otherwise violates Section 631(a). To that end, plaintiff's complaint alleges that defendant "allows at least one independent third-party vendor (on information and belief, 8X8) to secretly intercept (during transmission and in real time), eavesdrop upon, and store transcripts of chat communications with unsuspecting website visitors," and that such parties "eavesdrop on the conversations in real time under the guise of 'data analytics'" (Compl. ¶¶ 10, 12, 14).

Our complaint asserts no facts beyond the statement that some unknown third party not involved in this action "eavesdrops" somehow "in real time." It is thus unclear from our complaint what actions are being accused as eavesdropping under Section 631(a). For instance, is there an actual third-party individual that is simultaneously reading the customer chat? Is it embedded code from a third-party software vendor that is automatically creating chat transcripts for someone other than defendant? Plaintiff cites decisions evaluating Section 631(a) eavesdropping claims but provides no bases to liken the instant action to cases deemed favorable, precisely because any facts that would be supportive have not been pled here (Opp. 21–25). While plaintiff is "not required to allege in its complaint the evidentiary facts in support of its theory of recovery," the problem is our complaint presents no theory at all. *See Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997). Plaintiff makes a passing reference to a "third-party vendor" 8X8 in his complaint, but does not allege what service the vendor provides let alone how or why this alleged vendor interacts with defendant "to enable the eavesdropping" (Compl. ¶ 12). Without further elaboration, plaintiff's allegations that someone eavesdropped and intercepted chat messages are merely conclusory recitations of the CIPA wiretapping statute, and not entitled to the presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff has not plausibly alleged that

defendant aided and abetted a third party to eavesdrop in violation of Section 631(a). Plaintiff's claim of a CIPA violation is therefore insufficient to withstand dismissal.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED**. Defendant's motion to compel arbitration is **DENIED AS MOOT OR WAIVED**. The hearing for these motions is **VACATED**.

Plaintiff may seek leave to amend his complaint and shall have **FOURTEEN CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. Plaintiff must plead his best case in the proposed pleading. A proposed amended complaint must be appended to the motion. The motion should explain how the amendments to the complaint cure the deficiencies identified herein, as well as any others raised in defendant's brief, and should include as an exhibit a redline or highlighted version identifying all changes. If such a motion is not filed by the deadline, this case will be closed.

**IT IS SO ORDERED.**

Dated: March 16, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE